**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 30 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WE THE PATRIOTS USA, INC.; JANE DOE, on her own behalf and on behalf of Child 1, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> VENTURA UNIFIED SCHOOL DISTRICT; ANTONIO CASTRO, in his official capacity only; ERIK NASARENKO, in his official capacity only; SARA BRUCKER, in her official capacity only; TONY THURMOND, in his official capacity only; ERICA PAN, in her official capacity only, <br><br> Defendants - Appellees. | No. 25-5239 <br><br> D.C. No. 2:25-cv-04659-AB-JC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
André Birotte, Jr., District Judge, Presiding

Argued and Submitted April 17, 2026
Pasadena, California

Before: PAEZ, CALLAHAN, and BUMATAY, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiffs-Appellants Jane Doe and We the Patriots USA appeal the district court's denial of their Renewed Emergency Application for a temporary restraining order (TRO) and preliminary injunction. Because we lack jurisdiction over this appeal, we dismiss.

1. "[O]rders ruling on TRO motions 'are typically not appealable[.]'" *Babaria v. Blinken*, 87 F.4th 963, 975 (9th Cir. 2023) (quoting *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 659–60 (9th Cir. 2021)). "[A] denial of a TRO may be appealed if the circumstances render the denial 'tantamount to the denial of a preliminary injunction.'" *Id.* at 976 (simplified). A TRO is tantamount to a preliminary injunction when "the denial of the TRO effectively decided the merits of the case" and rendered plaintiffs' claims moot. *Id.* (simplified). Another hallmark is that the "TRO was strongly challenged in adversarial proceedings before the district court." *Washington v. Trump*, 847 F.3d 1151, 1158 (9th Cir. 2017).

None of these hallmarks are present here. In reviewing Appellants' renewed TRO request, the district court applied the "legal standard that applies to TRO applications," observed that Appellants' filing was not a "regularly noticed motion," and construed the motion as "an ex parte Application for a TRO." The district court then denied the application on procedural grounds three days after it was filed and without full briefing or a hearing. The district court's order thus resolved only an application for a TRO, and, because the order was denied on procedural grounds, the

25-5239

court did not deprive Appellants of the opportunity to seek a preliminary injunction. Absent the stay entered after Appellants filed their notice of appeal, nothing prevented Appellants from continuing to pursue the merits of their case.

Appellants argue that the inclusion of the term "preliminary injunction" in the title of their filing shows that the district court denied their "clear request for a preliminary injunction." But "the label attached to a motion does not control its substance," and the "substance of the motion, not its form, controls its disposition." *Anderson v. United States*, 298 F.3d 804, 807 (9th Cir. 2002) (simplified). And Appellants' proposed order submitted to the district court sought only the grant of their "emergency application for a temporary restraining order." Thus, the labeling of their motion cannot overcome the lack of any substantive hallmarks of a denial of a preliminary injunction.

2. Because we lack jurisdiction over this appeal, we do not reach any procedural or merits-related issues this case presents.

**DISMISSED**.